**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 11, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RONGHUA HE,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 13-9550
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

Ronghua He petitions for review of the decision of the Board of Immigration

Appeals ("BIA") affirming the Immigration Judge's decision denying her

applications for asylum, restriction on removal, and protection under the United

Nations Convention Against Torture ("CAT").  Exercising jurisdiction under

8 U.S.C. § 1252(a)(1), we deny the petition.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

He, a native and citizen of the People's Republic of China, entered the United States illegally in December 2007. The Department of Homeland Security commenced removal proceedings against her in July 2008. At a hearing before an IJ in April 2009, He conceded removability but sought relief in the form of asylum, restriction on removal,[1] and protection under the CAT, and later applied for these forms of relief claiming religious persecution.

In December 2010, a merits hearing was held before an IJ. He testified that she began attending an underground Christian family church in China in July 2006. She testified that such churches were illegal. She attended underground church services every Sunday, where she and other members would read the Bible, pray, and listen to a sermon. On one of these occasions, in May 2007, "police barged in" to the service, announced that the church members "were holding [an] illegal underground meeting that was evil," handcuffed He and the other congregants, and took them to a police station. Admin. R. at 128. He testified that she was detained for one week, interrogated twice, and beaten. He was released from custody after signing a "guarantee letter" stating that she would no longer attend the underground church

---

[1]    He and the agency use the term "withholding of removal." The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") changed the terminology to "restriction on removal." *See* 8 U.S.C. § 1231(b)(3). Because this case arose after the effective date of the IIRIRA, we refer to this provision as "restriction on removal." *Sidabutar v. Gonzales*, 503 F.3d 1116, 1117 n.1 (10th Cir. 2007).

services and would report back to the police every week.  *Id*. at 130.  Although He initially reported to the police regularly, she testified that she felt she lost her religious freedom and, ultimately, fled China in October 2007.

The IJ found He credible but concluded that she failed to show past persecution or a well-founded fear of future persecution and, accordingly, denied asylum.  Having failed to establish eligibility for asylum, the IJ denied restriction on removal.  She also denied CAT relief.  The BIA affirmed the IJ's decision.  He now petitions for review.

## II.    Discussion

### A. Standard of Review

Because a single member of the BIA entered a brief affirmance order under 8 C.F.R. § 1003.1(e)(5), we review the BIA's decision as the final order of removal and, therefore, we "will not affirm on grounds raised in the IJ decision unless they are relied upon by the BIA in its affirmance."  *Uanreroro v. Gonzales*, 443 F.3d 1197, 1204 (10th Cir. 2006).  "[W]e may consult the IJ's opinion to the extent that the BIA relied upon or incorporated it."  *Sarr v. Gonzales*, 474 F.3d 783, 790 (10th Cir. 2007).  We review any questions of law de novo, but we review factual findings under the substantial evidence standard.  *Karki v. Holder*, 715 F.3d 792, 800 (10th Cir. 2013).  Under this standard, "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."  *Id*. (internal quotation marks omitted).  "[O]ur duty is to guarantee that factual

- 3 -

determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Uanreroro*, 443 F.3d at 1204 (alteration in original) (internal quotation marks omitted).

### B. Asylum and Restriction on Removal

To prevail on her asylum claim under 8 U.S.C. § 1158(b)(1)(B)(i), He must establish refugee status which requires that she demonstrate that she is unable or unwilling to return to her country because she has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See Karki*, 715 F.3d at 800-01; 8 U.S.C. § 1101(a)(42)(A). Upon establishing refugee status, the grant or denial of asylum is discretionary. *See Krastev v. I.N.S.*, 292 F.3d 1268, 1271 (10th Cir. 2002).

Outside of the asylum context, He may also be entitled to restriction on removal under 8 U.S.C. § 1231(b)(3) to avoid persecution in her home country by showing a "clear probability of persecution on account of one of the statutorily protected grounds." *Karki*, 715 F.3d at 801 (internal quotation marks omitted). "A 'clear probability' means the persecution is more likely than not to occur upon return." *Uanreroro*, 443 F.3d at 1202 (internal quotation marks omitted). Failure to establish a well-founded fear under asylum standards necessarily means a failure to meet the higher burden of proof for restriction on removal. *Karki*, 715 F.3d at 801. In this circuit, "[p]ersecution is the infliction of suffering or harm upon those who

- 4 -

differ (in race, religion, or political opinion) in a way regarded as offensive, and requires more than just restrictions or threats to life and liberty." *Id*. (internal quotation marks omitted). Mere "denigration, harassment, and threats" are insufficient. *Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005) (internal quotation marks omitted).

He challenges the BIA's denial of her application for asylum and restriction on removal arguing that the BIA erroneously concluded that she failed to demonstrate past persecution or a well-founded fear of future persecution. We disagree.

In declining to find past persecution, the BIA agreed with the IJ that He's incidents of harm and harassment did not rise in the aggregate to the level of persecution. In support of its conclusion, the BIA explained that although He was detained on account of her religious activity and beaten, the record did not reflect that she suffered any severe physical injuries. And further, being required to sign a "guarantee letter" indicating she would no longer participate in church activities and report to the police as scheduled did not amount to more than simply restrictions or threats to life and liberty. *See Karki*, 715 F.3d at 801 (observing that persecution requires more than restrictions or threats to life and liberty).

On these facts, even considering the incidents cumulatively, we conclude that the evidence does not compel a result contrary to the BIA's finding that He failed to establish past persecution. He's brief detention and beating herein where she suffered minor injuries and did not require medical treatment—while morally

- 5 -

repugnant—do not rise to the level of persecution. *See Witjaksono v. Holder*, 573 F.3d 968, 977 (10th Cir. 2009) (finding no persecution where alien physically injured but did not require medical attention); *Ritonga v. Holder*, 633 F.3d 971, 976 (10th Cir. 2011) ("lone occasion" where alien "suffered minor injuries" did not constitute persecution); *Kapcia v. I.N.S.*, 944 F.2d 702, 704, 708 (10th Cir. 1991) (two-day detention involving interrogation and beating did not rise to the level of persecution); *cf. Shi v. U.S. Att'y Gen.*, 707 F.3d 1231, 1237 (11th Cir. 2013) (finding persecution where alien detained for one week, beaten, and handcuffed outside overnight in the rain which resulted in requiring serious medical treatment).

Turning to He's claim of a well-founded fear of future persecution, we first reject her claim that she is entitled to a presumption of future persecution based on her showing of past persecution. *See* Aplt. Opening Br. at 11; *see also Karki*, 715 F.3d at 801 (showing of past persecution gives rise to a rebuttable presumption of a well-founded fear of future persecution). The IJ and the BIA did not find a showing of past persecution and we uphold this determination. Accordingly, a well-founded fear of future persecution requires He to show "both a genuine, subjective fear of persecution, and an objective basis by credible, direct, and specific evidence in the record, of facts that would support a reasonable fear of persecution." *Karki*, 715 F.3d at 801 (internal quotation marks omitted). She may do so by showing that she was or may be singled out personally for persecution in China, or

- 6 -

that she has a reasonable fear of persecution because of her membership in a group subject to a pattern or practice of persecution. *See* 8 C.F.R. § 1208.13(b)(2)(iii).

The IJ concluded that He satisfied the subjective prong, and the BIA did not disturb this finding. And the BIA agreed with the IJ's finding that He failed to establish that her fear of future persecution is objectively reasonable. He disputes this, but does so only generally. He does not expressly state that she has been or will be singled out personally for persecution or that she is a member of a group subject to a pattern of persecution. She argues though that the Chinese government is aware of her Christian beliefs, has persecuted her in the past for her beliefs, and will punish her upon return to China as they have made threats to her family to do so. *See* Aplt. Opening Br. at 10. To the extent that she offers these arguments to support a claim of individualized persecution, we disagree. The BIA concluded that the evidence did not support a claim of individualized persecution, observing that He was not a religious leader but simply a member of an unregistered household church. And it rejected He's claim of future individualized persecution on account of her failure to report to Chinese authorities, finding that persecution entails more than just restrictions or threats to life and liberty. *See Karki*, 715 F.3d at 801. We agree with the BIA's conclusion.

He otherwise argues generally that she satisfies the objective prong, reciting in support various statements from the 2009 International Religious Freedom Report issued by the United States Department of State (State Department Report), which

- 7 -

discusses curtailment of religious activities in China. But as the IJ found, and the BIA likewise cited the IJ's decision, excerpts from the State Department Report indicate that the extent that Chinese officials interfere with the activities of unregistered house churches varies, and in non-urban areas some house churches are able to hold meetings without interference and had significant membership. The IJ concluded that while there was some persecution of house churches, it was not pervasive throughout the country. *See* Admin. R. at 50. Like the IJ, the BIA similarly concluded that the State Department Report supported that small, unregistered house churches were able to exist and were largely tolerated by the Chinese government in some areas. *See id*. at 4.

Accordingly, while He points to some evidence of religious persecution in China, we disagree that the BIA erred in evaluating the overall strength of her claim. *See Woldemeskel v. I.N.S.*, 257 F.3d 1185, 1191 (10th Cir. 2001) (noting that a pattern or practice of persecution has been defined as "something on the order of organized or systematic or pervasive persecution") (quoting *Makonnen v. I.N.S.*, 44 F.3d 1378, 1383 (8th Cir. 1995)). On this record, we are not compelled to conclude contrary to the BIA. The record supports the BIA's determination that He did not meet her burden in establishing a well-founded fear of future persecution.

Because He failed to show a well-founded fear of persecution under asylum standards, she necessarily fails to meet the higher burden of proof required for restriction on removal. *See Karki*, 715 F.3d at 801.

**C. Convention Against Torture**

He also seeks review of the BIA's denial of her CAT claim. The CAT "prohibits the return of an alien to a country where it is more likely than not that [s]he will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005) (internal quotation marks and brackets omitted); *see also* 8 C.F.R. § 208.18(a)(1). CAT protection does not require that He show she would be tortured on the basis of a statutorily protected ground. *See Cruz-Funez*, 406 F.3d at 1192.

The BIA concluded that He failed to establish a clear probability of torture in China by a public official or with the acquiescence of a public official. We have reviewed the record and determine that the BIA's conclusion is supported by reasonable and substantial evidence and, as such, we are not compelled to conclude to the contrary.

### III. Conclusion

The petition for review is denied.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

No. 13-9550, <u>Ronghua He v. Eric H. Holder, Jr.</u>

**KELLY**, Circuit Judge, dissenting.

Although the IJ and the BIA accepted that Ms. He was detained for a week on account of her religious activities, they concluded that she did not suffer past persecution in part because she did not suffer severe physical injuries.[1] This court concludes that a week detention, two interrogations and a beating resulting in minor injuries (not requiring medical attention) does not constitute past persecution. We have previously rejected the idea that permanent injury is required, and imposing a medical care requirement is equally problematic. <u>Karki v. Holder</u>, 715 F.3d 792, 804-05 (10th Cir. 2013). For this reason, I do not find past cases involving beatings where relief has been denied dispositive. <u>See</u> <u>Ritonga v. Holder</u>, 633 F.3d 971, 976 (10th Cir. 2011); <u>Witjaksono v. Holder</u>, 573 F.3d 968, 977 (10th Cir. 2009); <u>Sidabutur v. Gonzales</u>, 503 F.3d 1116, 1124 (10th Cir. 2007); <u>Kapcia v. INS</u>, 944 F.2d 702, 704, 708 (10th Cir. 1991). Beatings have enormous potential for physical and psychological harm. While I recognize that Ms. He was required to prove more than harassment and intimidation, I would hold she has done so and remand for further findings. I respectfully dissent.

---

[1] Apparently, Ms. He's mother reported multiple bruises on her daughter's body when she was released from interrogation. R. 43, 201-02.